| Greene. | |
|---|---|
| 3g | 97 |
| 78 | 468 |
| 78 | 469 |
| 78 | 470 |
| 78 | 471 |
| 3g | 97 |
| f140 | 380 |

──────── • ◦ • ────────

## Johnson *v.* Williams.

Husband not liable, by mere implication of law to an attorney for services rendered to his wife in obtaining a divorce from him.
Such professional services not to be regarded as necessaries.

*Error to Lee District Court.*

*Opinion by* KINNEY, J.    Suit brought by Johnson to recover six hundred dollars, which he alleged to be due for professional services as the attorney and solicitor of Sarah Williams the wife of the defendant.

By the bill of particulars filed, it appears that the services were rendered in a suit brought by the wife for divorce.

On the trial the plaintiff's counsel prayed the court to give the following instruction : "That a husband is by law liable on an implied promise to pay lawyers, and officers of the court, for their reasonable charges and fees, for services rendered to the wife in prosecuting her right to divorce and alimony, upon the ground of necessaries ; which instruction the court refused.    But instructed the jury that the defendant was not liable for professional services rendered to the wife of defendant in procuring a divorce and alimony, if such divorce and alimony are obtained, unless he was employed by defendant, either in person or agent, or unless defendant promised to pay, or unless he was ordered to pay for such services by the court.    The refusal to give the instruction asked, and the instruction given by the court, are assigned for error.

We think the court ruled correctly.    Without an express or implied promise on the part of the husband to pay the debts of the wife, he is only bound for necessaries.    In law the term "necessaries" is understood to mean not only articles which are of absolute necessity, but also such things as are suitable to the fortune and condition of the person to whom they are supplied ; *Seaton* v. *Benedict*, 5 Bing. R. 28 ; Story on contracts, § 98, p. 102.    Are the expenses incurred in carrying on a law suit for a divorce, necessaries, according to the technical legal meaning of that word ?    After a careful examination of the elementary works and reports

upon the subject of the liability of the husband for the debts of his wife, we have not been able to find an author or an adjudged case, that regards the expenses of such suit in the light of necessaries. It has been the custom of courts after granting the wife a divorce, to decree an allowance in favor of her attorney. This in some states is regulated by statute, in others by uninterrupted custom, but we find no case where the husband has been sued and a recovery had upon the ground of necessaries. The wife did not bind the husband as his agent, for it is a well-settled rule, that the wife can only bind the husband by her contract as his agent acting under his authority or with his concurrence, express or implied. Story on Contracts, § 96, p. 100. The husband—the defendant—then was not liable as for necessaries, nor upon the authority of the wife to employ counsel as his agent, without proof that she had such authority, or that he concurred in her acts in that particular.

*J. Matthews*, for plaintiff in error.

*Geo. C. Dixon*, for defendant.